**CONOC CONSTRUCTION CORPORATION**

v.

**The UNITED STATES.**

No. 667–82C.

United States Claims Court.

July 29, 1983.

Benjamin A. Hubbard, Chesapeake, Va., for plaintiff.

R. Anthony McCann, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Director David M. Cohen, Asst. Director Sandra P. Spooner, Washington, D.C., for defendant.

## OPINION

YOCK, Judge.

This case comes before the Court on defendant's motion to dismiss filed April 27, 1983 and the plaintiff's opposition thereto. Because this Court lacks jurisdiction over an uncertified contract "claim," exceeding $50,000, the defendant's motion to dismiss must be granted, and the plaintiff's complaint dismissed without prejudice.

### Facts

On April 10, 1980, the Baltimore District, Corps of Engineers, United States Army, awarded a contract to plaintiff, Conoc Construction Company (hereinafter "Conoc"), for the construction of the Dalecarlia Water Treatment Plant Backwash Water Recovery Facility in Washington, D.C. The contract was in the amount of $6,069,933 and was to be completed by November 6, 1981. Conoc proceeded with the construction project, but by letter to the contractor dated March 16, 1981, the defendant's area engineer described a number of problems that Conoc was having relating to job progress and advised Conoc that it was, at that time, 66 days behind schedule. On December 28, 1981, the defendant, believing that Conoc had been unable to regain scheduled progress, terminated for default Conoc's right to proceed under the contract.

On January 5, 1982, Conoc appealed the contracting officer's final decision to the Corps of Engineers Board of Contract Appeals. Subsequently, on January 20, 1982, at Conoc's request, the contracting officer rescinded his December 28, 1981, termination for default. The Corps of Engineers Board of Contract Appeals dismissed plaintiff's appeal with prejudice on February 26, 1982. Conoc continued performance and the work was accepted as complete on July 2, 1982.

On December 23, 1982, Conoc filed a complaint in the United States Claims Court claiming that the termination for default of December 28, 1981, was wrongful, issued in bad faith, and claiming damages in the amount of $198,241, plus interest. These damages allegedly result from delays and extra costs associated with the termination period. On April 27, 1983, the defendant filed its motion to dismiss on the grounds of lack of jurisdiction in that it is asserted that the plaintiff failed to submit its claim in writing and to certify its claim as required by the Contract Disputes Act.

### Discussion

■ The defendant has alleged and the plaintiff has admitted that the contract claim submitted in this matter was not previously certified and presented in writing to the defendant's contracting officer. Absent a contracting officer's final decision on a written and certified claim, there can be no direct access action brought to this Court under the Contract Disputes Act. *Milmark Services, Inc. v. United States,* Ct.Cl. No. 639–81C (Order entered September 3, 1982). *See also, Troup Bros. v. United States,* Ct.Cl. No. 662–80C (Order entered June 8, 1982); *White Plains Iron Works, Inc. v. United States,* Ct.Cl. No. 232–81C (Order entered November 24, 1981).

Specifically, section 6(c)(1), 41 U.S.C. § 605(c)(1), Contract Disputes Act, requires that:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

■ Under this Court's consistently expressed interpretation of the Contract Disputes Act, the furnishing of such a certificate is an absolute requirement in order for this Court to acquire jurisdiction over a contract claim exceeding $50,000. *Arlington Alliance, Ltd. v. United States,* 231

**148**

Ct.Cl. ——, 685 F.2d 1353, 1359 (1982). *Accord, W.M. Schlosser Co. v. United States,* 705 F.2d 1336 (Fed.Cir.1983); *Skelly and Loy v. United States,* 231 Ct.Cl. ——, 685 F.2d 414 (1982); *W.H. Moseley Co. v. United States,* 230 Ct.Cl. ——, 677 F.2d 850 (1982); *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. ——, 673 F.2d 352 (1982); *Folk Constr. Co. v. United States,* 226 Ct.Cl. 602 (1981).

■ The plaintiff has responded that the certification provisions of section 6(c)(1) do not apply to the facts presented in the instant case, since the final decision of the defendant's contracting officer, on which the plaintiff has sought review, was issued "upon the Contracting Officer's own motion" rather than on a claim *submitted* by the contractor. This argument, however, is without merit.

Although plaintiff's theory is interesting, the simple truth is that the claim presented is indeed the plaintiff's claim against the Government for a sum in excess of $50,000. It matters little that the dispute which triggered the plaintiff's claim was a Government order (characterized by plaintiff as a final decision) terminating the contract for default. The termination order was later rescinded by the Government and the plaintiff was allowed to complete work on the contract. Only after completion of the contract did the plaintiff formulate its "claim" for extra costs and delays and seek money damages therefor. This is the claim that plaintiff must certify and submit in writing to the contracting officer before it can seek review in this Court. Under section 6(a), "*all* claims by a contractor against the Government relating to a contract shall be in writing and shall be submitted to the contracting officer for a *decision.*" (Emphasis added.) Plaintiff cannot avoid the language of 6(a) and 6(c)(1) or the prior decisions of this Court by now asserting that the language of section 6 does not apply to it, simply because a "final decision was issued by the contracting officer on its own motion," rather than on the plaintiff's

own submission. Moreover, the plaintiff has failed to cite, and this Court has been unable to locate, any statutory or judicial authority in support of the plaintiff's argument. As a result, until the plaintiff properly submits his contract claim to the contracting officer for decision, and that "decision" has "issued," this Court lacks jurisdiction to entertain the plaintiff's direct access case under the Contract Disputes Act. *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 186, 645 F.2d 966, 976 (1981). *See also* Federal Procurement Regulations, 41 C.F.R. § 1–1.318–3 (February 19, 1980).

■ The proper course of action—for a contractor whose case is dismissed for lack of jurisdiction—is the following: (1) properly certify the claim; (2) resubmit the claim to the contracting officer; and (3) if there is then an adverse contracting officer's decision, appeal either to the board of contract appeals (41 U.S.C. § 606) or directly to this Court (41 U.S.C. § 609). *Skelly and Loy, supra,* 231 Ct.Cl. at ——, 685 F.2d at 419.[1]

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss is granted, and plaintiff's complaint is to be dismissed without prejudice.

---

1. The Court expresses no opinion on the merits of the plaintiff's claim. It is noted that the Government has asserted in its Answer the affirmative defense of accord and satisfaction.