## RUHNAU–EVANS–RUHNAU ASSOCIATES, Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 511–81C.

United States Claims Court.

Aug. 22, 1983.

George W. Coleman, Santa Monica, Cal., for plaintiff.

Sara V. Greenberg, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

This case presents the interesting and apparently novel question whether section 12 of the Contract Disputes Act, 41 U.S.C. § 611 (Supp. IV 1980), authorizes payment of interest on an award to a contractor when the underlying claim was presented to the contracting officer by the government.

### FACTS

Plaintiff, Ruhnau-Evans-Ruhnau (RER), an architectural engineering firm, contracted to provide drawings and specifications for the renovation of certain Air Force buildings. RER provided the plans and was paid for them. The Air Force subsequently awarded the renovation contract on the basis of RER's plans. Completion of the renovation contract was delayed 24 days and the contractor persuaded the contracting officer that the delay was caused by errors and omissions in RER's plans. The contracting officer awarded the contractor an equitable adjustment for losses it suffered as a result of the delay and then issued a final decision that RER was liable to the Air Force for the amount of the adjustment paid the contractor. Plaintiff paid this sum (plus interest) under protest. It then brought suit under the direct access provision of the Act, 41 U.S.C. § 609 (Supp. IV 1980), to recover the money paid.

After trial, the court held that the contracting officer had erred in attributing all 24 days of delay to deficiencies in RER's plans. The court found that 14 days of delay were attributable to other causes and ordered that a proportionate amount of the

money RER had paid be refunded to it.* The parties have stipulated that under the court's ruling RER is entitled to $14,047.61. RER now claims that it is also entitled to interest on this amount.

## DISCUSSION

■ Section 12 of the Contract Disputes Act provides:

Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim *pursuant to section 605(a)* of this title *from the contractor* until payment thereof.

41 U.S.C. § 611 (Supp. IV 1980) (emphasis added).

The meaning of this provision is clear: a contractor's right to interest runs from the date it submits a claim to the contracting officer pursuant to section 605(a). Section 605(a) governs submission of claims to the contracting officer *before* the contracting officer issues a decision. Here, the contractor was notified of the problem only *after* the contracting officer's decision was issued. The contractor could not have submitted a claim under section 605(a). Under a literal reading of the statute, therefore, the contractor's entitlement to interest never accrued.

Plaintiff argues that such a literal reading of the statute creates an unwarranted asymmetry in that a contractor's entitlement to interest hinges on whether it or the government presents the claim to the contracting officer. Plaintiff suggests instead that the court either read the word "claim" in section 611 as referring to the government's claim to the contracting officer, or that the court consider the contractor's letter of protest accompanying its payment as a claim sufficient to trigger the contractor's entitlement to the payment of interest.

Neither suggestion can be accepted because each would require the court to disregard the plain language of section 611. To accept plaintiff's first theory, the court would have to ignore the words "from the

contractor" which modify the term "claim." Section 611 plainly refers to a claim by the contractor, not one by the government. To accept plaintiff's alternative theory would require the court to overlook the words "pursuant to section 605(a)" which delimit the type of claim the contractor must present. A letter of protest simply is not a predecisional claim under section 605(a).

■ It is axiomatic that a court must, if possible, give meaning to every word of a statute. *See* 2A *Sutherland Statutory Construction* 63 (C. Sands 4th ed. 1972). It is equally well established that awards of interest against the government must be expressly allowed and strictly construed. *See Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1383 (Fed.Cir.1983); *Pacific Coast Medical Enterprises, Inc. v. United States,* 3 Cl.Ct. 140 at 145 (1983) (NETTESHEIM, J.). Therefore, this court is particularly hesitant to disregard statutory language that limits the recovery of interest from the government.

Nothing in the legislative history suggests that the result dictated by the literal reading of the statute conflicts with congressional intent in passing the Contract Disputes Act. A review of the relevant legislative history reveals that section 12 as a whole sparked no great controversy. Congress was concerned with assuring fair treatment of contractors who were required to continue work even though they had encountered conditions that increased their performance costs. S.Rep. No. 1118, 95th Cong., 2d Sess. 32, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5235, 5266. The only significant debate concerned the point in time at which interest would begin to accrue for contractors in that situation. *See, e.g.,* H.R. 11002, 95th Cong., 2d Sess., 124 Cong.Rec. 31641, 31643 (1978); S. 3178, 95th Cong., 2d Sess., 124 Cong.Rec. 36261, 36263, 36267 (1978).

The legislative history gives no indication that Congress meant to preclude interest on an award to a contractor in RER's position. One might surmise that Congress simply

---

\* Detailed oral findings on these points appear on    the record immediately following the trial.

did not consider the matter. But where an award of interest against the government is at issue, such congressional silence cannot be read as an affirmative grant. This is particularly so where an express provision of the statute precludes the award of interest.

## CONCLUSION

Plaintiff is entitled to judgment of $14,-047.61, but is not entitled to interest on that amount. Judgment accordingly.