**H.H.O., INC., a Washington corporation**

v.

**The UNITED STATES.**

No. 141–84C.

United States Claims Court.

Aug. 27, 1984.

Charles C. Flower, Yakima, Wash., for plaintiff. Flower & Andreotti, Yakima, Wash., of counsel.

Allen C. Peters, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Eldon Gish, Dept. of Agriculture, of counsel.

## MEMORANDUM OPINION

LYDON, Judge:

This case comes before the court on defendant's motion, filed on June 25, 1984, to dismiss the complaint plaintiff filed on March 2, 1983. Plaintiff has not filed a response to said motion and the time within which it may do so under the Rules of the court has expired. On the basis of the complaint and defendant's unopposed motion, said motion to dismiss is granted.

In its complaint, plaintiff alleged that it contracted with the Forest Service, Department of Agriculture (Forest Service) to perform certain construction projects during 1980. Plaintiff avers that it has performed all conditions precedent of the contract. Plaintiff further alleges that as a result of various actions by defendant's (Forest Service) employees, agents and representatives, said contract was breached resulting in damages of over $355,000 to plaintiff. As a result, plaintiff, in its complaint, prays that the contract price be equitably adjusted upward, and that it be awarded other appropriate relief, *i.e.*, interest on the judgment awarded plus attorneys fees and costs of litigation.

Defendant's motion to dismiss is predicated on the ground the court lacks jurisdiction over the claims set forth in the complaint. The complaint acknowledges that this case is subject to the Contract Disputes Act of 1978, 41 U.S.C. § 602 (1982), (CDA). Under the CDA, 41 U.S.C. § 605: "All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision. * * * " The complaint in question does not allege that the claims set forth therein were submitted in writing to the contracting officer, nor does said complaint allege that the contracting officer rendered a final decision on said claims. Absent a contracting officer's final decision on a written and certified claim, there can be no direct access action brought in this court under the CDA since there is no basis for jurisdiction under these circumstances in this court. *Milmark Services, Inc. v. United States*, 231 Ct.Cl. 954, 956 (order dated Sept. 3, 1982). *See also Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 181, 645 F.2d 966, 969–970 (1981); *Conoc Constr. Corp. v. United States*, 3 Cl.Ct. 146, 147 (1983); *White Plains Iron Works, Inc. v. United States*, 229 Ct.Cl. 626, 627 (1981). Accordingly, as presently written, the complaint fails to state a claim within the jurisdiction of the court and is properly subject to dismissal. Defendant's unopposed motion to dismiss can be, and is, accepted as establishing that plaintiff has not obtained a decision from the contracting officer on the claims asserted in its complaint.

For reasons set forth above, defendant's motion to dismiss is granted, with plaintiff's complaint to be dismissed without prejudice. With respect to the dismissal without prejudice, *see Conoc Constr. Corp. v. United States, supra*, 3 Cl.Ct. at 148.