**ELGIN BUILDERS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 579–82C.

United States Claims Court.

May 20, 1986.

---

John K. Grylls, Royal Oak, Mich., for plaintiff. Thomas M. Keranen and Federlein & Grylls, P.C., of counsel.

George M. Beasley III, Washington, D.C., with whom was J. Paul McGrath, Asst. Atty. Gen., for defendant.

## OPINION

YANNELLO, Judge.

The defendant has filed a Motion for Summary Judgment. The material facts are not in dispute.

Plaintiff was awarded a contract with the United States Postal Service (USPS) on April 7, 1977, for the construction of a postal facility. See 39 U.S.C. §§ 401(6) and 404(a)(3). Plaintiff had numerous claims against the government before construction was completed. These claims sought additional compensation and time extensions on the grounds that: (1) there had been changes in the scope of the contract and/or in the method of work required by the contract; and (2) changed conditions were present.

These claims were submitted to the contracting officer (CO) who issued the first group of decisions on March 20, 1980, and the last decision on April 25, 1980. Some of the claims were resolved by the parties; the remaining claims now in issue were denied by the CO. In addition, the CO assessed liquidated damages of $54,000 against plaintiff for alleged failure to complete the facility on time.

The claims now in issue were pending before the CO on March 1, 1979, the date on which the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq., became effective. That Act made provision for such pending claims (or claims initiated thereafter) under contracts entered into be-

fore its effective date. It provided that the contractor could elect either to proceed under the new Act or to proceed under other applicable pre-Act provisions. The Act contains no requirements as to when or how such election is to be made. *See, e.g., S.E.R., Jobs For Progress, Inc. v. United States,* 759 F.2d 1 (1985).

Prior to the CDA, and under the terms of the instant contract, the contractor was bound to present the types of claims here involved, *i.e.,* for equitable adjustment under the contract, to the CO, and thereafter to appeal to an agency board of contract appeals. Under the Tucker Act, 28 U.S.C. § 1491, and subject to the provisions of the Wunderlich Act, 41 U.S.C. §§ 321 and 322, an appeal from the board's decision would lie in this court. With respect to contracts with the U.S. Postal Service, the Postal Reorganization Act confers jurisdiction on the district courts. 39 U.S.C. § 409(a). *See also* 28 U.S.C. § 1339. (The provisions of 28 U.S.C. § 1346, conferring concurrent jurisdiction on the district court and this court, are not applicable to claims in excess of $10,000.)

The CDA provides that all claims must be submitted to the CO, and that claims in excess of $50,000 must be certified. A contractor may appeal from a CO's decision either to an agency board or may initiate suit directly in this court.

The CO, in his decisions, advised plaintiff that it could appeal the decisions to the agency board of contract appeals within 90 days or to the Court of Claims (predecessor of the Claims Court) within 12 months. Both of these avenues of appeal are specified in the Contract Disputes Act. The Disputes Clause of the contract, entered into before the CDA, and applicable if the contractor did not elect to proceed under the CDA, provided that appeal to the agency board must be taken within 30 days of the decision. This provision was not referenced in the CO's decision.

Plaintiff filed suit in the United States District Court for the Eastern District of

Michigan on March 19, 1981, within one year of the CO's decisions. The complaint cited 39 U.S.C. § 409, and made no reference to the Contract Disputes Act. The plaintiff contends that it filed that suit with a view to electing to pursue its rights under the CDA.

On January 22, 1982, the United States District Court for the Central District of California, issued a decision in *Consumers Solar Electric Power Corporation v. United States Postal Service,* 530 F.Supp. 702 (C.D.Cal.1982).[1] That decision held that the contracts of the Postal Service should be governed by the CDA and that the CDA conferred jurisdiction solely on the Court of Claims (now Claims Court), preempting the jurisdiction of the district courts conferred by the Postal Reorganization Act, 39 U.S.C. § 409, with respect to suits under the CDA.

In July 1982, the defendant, the United States Postal Service (USPS) moved for judgment in plaintiff's district court action. Defendant in that action argued alternatively that: (1) if plaintiff was initiating suit without recourse to the CDA, it had failed to exhaust its administrative remedies (namely, the appeal of the CO's decisions to the agency board); and (2) if plaintiff was attempting to invoke the provisions of the CDA, it could make such election only by filing a timely suit in the Court of Claims (now Claims Court) since the district courts had no jurisdiction under the Postal Reorganization Act, 39 U.S.C. § 409, to hear suits under the CDA, citing *Consumers Solar Electric, supra.*

The plaintiff, in its district court action, agreed with defendant, noting the change in its perception of jurisdiction as a result of the decision in *Consumers Solar Electric,* and asserted that the action should be transferred to the Claims Court. *See* 28 U.S.C. § 1631. The defendant argued that the "interest of justice" did not require a transfer and that the action should be dismissed. The district court entered an Or-

---

**1.** It is not clear from the opinion in the cited case whether the contract pre-dated the CDA and whether the election provisions of that Act were involved.

der on November 4, 1982, transferring the case to this court, noting that it apparently lacked subject matter jurisdiction.

In the instant action, defendant moved for summary judgment in December 1983. The matter was briefed, oral argument was held, and supplemental briefs were submitted by the parties. Essentially, defendant urges two points.

First, defendant argues that this court lacks jurisdiction on the ground that the plaintiff, by initiating its action in the district court, did not elect to proceed under the CDA. Defendant argues that such an election could be made only by a timely initiation of suit in this court.

Second, defendant argues that, in any event, this court lacks jurisdiction under the CDA with respect to those claims exceeding $50,000 which plaintiff has not certified before the CO. Plaintiff, and this court, agree with respect to those claims by plaintiff, specifically claim numbers 25, 26, 27, 33, and 43.

## 1. *Jurisdiction*

Defendant asks this court to dismiss the complaint to the extent it purports to be filed pursuant to the CDA; defendant would thus have the court treat the complaint solely as a suit under the Tucker Act, 28 U.S.C. § 1491, without recourse to, or election of, the CDA. (Under that view, plaintiff would then face the difficulty of its alleged failure to exhaust its administrative remedy of proceeding before an agency board of appeals.)

Defendant argues that plaintiff, in the complaint initially filed in the district court and now transferred to this court, failed to supply notice of any election to proceed under the CDA. As noted above, however, the CDA contains no provisions with respect to the manner of election and no such formal notice is required. It would appear that such election is accomplished by deed, for example: when the contractor certifies a claim to the CO (which certification was not required apart from the CDA) and when a suit based on the CO's decision is initiated directly in the court (which procedure, as contrasted with appeals to the agency boards, was not permitted apart from the CDA).

Indeed, the defendant's own motion to dismiss in the district court noted two possible avenues of proceeding: (1) under the pre-CDA contract provisions, and (2) under the CDA. In subsequent documents filed in connection with that motion, plaintiff did make clear that it was electing to proceed under the CDA with suit in the courts as contrasted with the agency boards.

Defendant also argues that plaintiff, by initiating suit in the district court rather than in the Claims Court as specifically provided in the CDA, clearly did not intend, desire, or elect to proceed under the CDA. Plaintiff responds that it believed the district court, by virtue of the provisions of the Postal Reorganization Act and before the decision in *Consumers Solar Electric*, to have had CDA jurisdiction.[2]

Finally, defendant has cited *S.E.R.*, *supra*, and would again argue that plaintiff, having made a knowing election *not* to proceed under the CDA (by virtue of its suit in the district court), cannot now proceed under that Act here. This court finds,

2. Defendant, in its supplemental brief, questions the applicability of the *Consumers Solar Electric* decision to the present situation. (*See also* footnote 1 above.) This question, however, is not properly before this court, nor need this court delve further into the matter of the district courts' jurisdiction. It is sufficient for the purposes of the instant case to note that the decision was issued, and was cited by the parties in the instant action when they appeared before the district court in Michigan, and to note that that court determined that it apparently lacked subject matter jurisdiction and transferred this case to this court. As discussed in the text, this court indeed has jurisdiction over this case either under the CDA, if the contractor has elected to proceed under that Act, or the Tucker Act. Thus, our jurisdiction is clear, and it remains only to consider which of the two statutes is applicable (subject to the defenses raised by the government including a failure to exhaust administrative remedies) and whether the plaintiff has indeed elected to proceed under the CDA.

however, that plaintiff has elected to proceed under the CDA.

■ The pleadings before the district court do not establish whether the CDA had been elected or not. The briefing before that court in connection with defendant's motion indicates that plaintiff intended to pursue its CDA remedies and that it had merely erred in selecting the forum. It cannot be denied that some confusion existed with respect to Postal Service contracts, given the general Postal Reorganization Act, 39 U.S.C. § 409, and the more specific CDA, as explained in the *Consumers Solar Electric* decision, *supra.* Accordingly, this court finds that plaintiff has elected to proceed under the CDA; that such election was manifest in plaintiff's briefs before the district court; and that such election was implemented with the transfer of the action by that court to this.[3]

The suit is timely, and may proceed under the CDA with the exception of those claims which required certification but which were not certified, as noted above.

## 2. *Liquidated Damages*

As noted above, the CO has assessed liquidated damages of $54,000 against the contractor.

The CDA addresses both claims by the contractor against the government and claims by the government against the contractor. The Act requires that the former be presented to the CO in writing and, if in excess of $50,000, be certified; the latter are to be addressed in a written decision by the CO, and presentment and certification by the contractor is neither appropriate nor required.

The assessment of liquidated damages is a government claim against the contractor. The amount was neither sought by nor known to plaintiff until the CO's decision. There clearly was no claim by the contractor to be certified or presented. *See, e.g:, Ruhnau-Evans-Ruhnau Associates v.*

*United States* ("RER") 3 Cl.Ct. 217 (1983), wherein interest on the refund of a paid assessment was likewise not applicable. Thus plaintiff may proceed to contest the CO's decision in the instant action. That defense, however, would be limited to the nature of, and the issues present in, the assessment itself—that is, for example, to contest that there was any delay in contract completion.

■ Where, however, the contractor seeks to contest the assessment of liquidated damages by claiming entitlement to time extensions or other relief, the court is presented with a claim by the contractor against the government and that must first be presented to the CO. (The requirement for certification is not determined based on the amount of the liquidated damages being contested but on the amount of money, if any, claimed by the contractor.) *See, Z.A.N. Company v. United States,* 6 Cl.Ct. 298 (1984).

Thus, the contractor may at this time contest the assessment of liquidated damages based on the CO's decision (that is, may deny that there was any delay in completion), and there is no cause to dismiss this part of the complaint. However, if plaintiff intends—in connection with its contest of the assessment—to raise any issue of relief to which it might be entitled, such as the contractor's claim of entitlement to time extensions, such claims must first be presented to the CO for his decision and this court will not consider such claims until that has been accomplished.

## CONCLUSION OF LAW

For the foregoing reasons, defendant's motion for summary judgment is granted and the complaint shall be dismissed with respect to claims numbers 25, 26, 27, 33, and 43, for lack of jurisdiction inasmuch as they have not been certified as required by the CDA.

---

**3.** With such transfer, the date of the filing of the complaint in the district court is taken as the date of filing in this court and is thus timely under the CDA.

In all other respects the defendant's motion is DENIED, inasmuch as plaintiff has elected to proceed under the CDA, has filed suit in a timely manner, and the matter is within this court's jurisdiction.

Accordingly, although the parties have filed reports concerning appropriate further proceedings in the past, they are asked to file an updated Joint Status Report within 60 days of the date of this decision. The report should include the items addressed in RUSCC App. G, ¶¶ 2, 3, and 4, and should also propose further appropriate proceedings with reasonable schedules therefor.