**SWAGER TOWER CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 581–86C.**

United States Claims Court.

June 19, 1987.

Sandra J. Boek, Alexandria, Va., for plaintiff.

Tamra Phipps, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

### MOODY R. TIDWELL, III, Judge:

This contract case comes before the court on defendant's motion to dismiss. Plaintiff Swager Tower Corporation seeks recovery of the amount withheld for uncompleted work from the allegedly wrongful default termination of its contract with the United States Coast Guard and also seeks an award for alleged additional work performed under a contract modification, which plaintiff contends amounted to a constructive change order. The court, however, lacks jurisdiction to entertain the complaint because plaintiff's claims for monetary relief have not been submitted to the contracting officer.

## FACTS

Plaintiff Swager Tower Corporation was awarded contract DTCG35–84–C–00090 for repair and maintenance of four communication towers in Tok, Alaska on August 23, 1984. Subsequently, four modification agreements were executed. Defendant was dissatisfied with plaintiff's performance on the contract and the contracting officer ultimately issued a final decision terminating the contract for default. Plaintiff filed a complaint in this court requesting rescission of the termination for default and asserted monetary claims. Plaintiff later filed an amended complaint that asserted the same monetary claims, but no longer requested rescission of the termination for default. Plaintiff has not submitted either of these monetary claims to the contracting officer.

## DISCUSSION

The Contract Disputes Act requires that:

All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605(a) (1982).

As the Court of Claims held in *Paragon Energy Corporation v. United States,* 227 Ct.Cl. 176, 645 F.2d 966 (1981), the proper submission of a claim is a jurisdictional prerequisite under the Contract Disputes Act:

> [I]n order to invoke the jurisdiction of this court under the direct access section of the Contract Disputes Act—§ 609(a)(1) —there must first be a "decision" (or failure to decide) by the contracting officer.... The Act ... denies the contracting officer the authority to issue a decision at the instance of a contractor until a contract "claim" in writing has been properly submitted to him for a decision. § 605(a). Absent this "claim", no "decision" is possible—and, hence, no basis for jurisdiction in this court.

*Id.* at 183–84, 645 F.2d at 971. Because plaintiff did not submit either of its monetary claims to the contracting officer, there is no appealable decision to review on either claim and thus no basis for jurisdiction of plaintiff's claims in this court.

In response to defendant's motion to dismiss, plaintiff does not contend that it has ever submitted any claim to the contracting officer for a decision. Instead, plaintiff argues that at the time of termination of the contract, the contracting officer withheld moneys from plaintiff and the decision terminating the contract operated as a final decision by the contracting officer as to the claims for the funds withheld. Plaintiff cites no authority for this proposition, and the court knows of none.[1] While the decision terminating the contract states that plaintiff "will be held liable for any excess costs of procurement," it makes no final decision as to the amount of plaintiff's liability.[2] Plaintiff may not argue that it was

---

1. The Court of Claims has recognized the propriety of withholding funds by the government from the contractor in order to offset government claims against the contractor. *Dale Ingram, Inc. v. United States,* 201 Ct.Cl. 56, 76–77, 475 F.2d 1177 (1973); *Project Map, Inc. v. United* *States,* 203 Ct.Cl. 52, 54–55, 486 F.2d 1375 (1973).

2. This, then, is not a case where plaintiff appeals from an assessment of government damages by decision of the contracting officer. *See,*

relieved of the requirement because the claim for money damages was occasioned by the contracting officer's termination of the contract for default.[3] Plaintiff cannot avoid the requirement that its claim seeking an award of the contract moneys withheld as a result of the default termination be filed with the contracting officer.

In *Conoc Construction Corp. v. United States*, 3 Cl.Ct. 146 (1983), the plaintiff attempted to avoid the statutory requirement by alleging that the default termination was a reviewable final decision issued upon the contracting officer's own motion rather than upon a claim submitted by the contractor. In rejecting this argument, the Claims Court explained:

> It matters little that the dispute which triggered the plaintiff's claim was a Government order ... terminating the contract for default. The termination order was later rescinded by the Government and plaintiff was allowed to complete work on the contract. Only after completion of the contract did the plaintiff formulate its "claim" for extra costs and delays and seek money damages therefor. This is the claim that plaintiff must certify and submit in writing to the contracting officer before it can seek review in this Court.

3 Cl.Ct. at 148.

Similarly, in *Gunn-Williams v. United States*, 8 Cl.Ct. 531 (1985), where plaintiff sought to convert a termination for default to a termination for convenience and to recover appropriate termination costs, plaintiff was unsuccessful in attempting to avoid the requirement of presentation of a claim to the contracting officer. The plaintiff argued, *inter alia*, that the contract officer's termination for default was a government claim and was therefore appealable by plaintiff. The Claims Court rejected this argument:

> [A] contractor cannot invoke this Court's direct access jurisdiction to challenge the validity of the Government's unilateral termination for default, unless the contractor first files his own claim with the contracting officer challenging the default and seeking, instead, a termination for convenience *or* unless the Government, through a contracting officer's final decision, asserts a Government claim against the contractor representing the Government's intention to pursue its contractual remedies for default.

8 Cl.Ct. at 535 (emphasis in original).

As in the above two cases, plaintiff's monetary claims are not justiciable because the claims have not yet been submitted to the contracting officer for a decision. Thus, dismissal without prejudice is the proper course. *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985).

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. Dismissal of this case will not leave plaintiff without a remedy; plaintiff must simply present any money claims it has arising out of the termination to the contracting officer for final decision prior to an appeal relating to those claims. Additionally, government claims against plaintiff, if any, will be appealable once the contracting officer issues a final decision on those claims. The Clerk of the court is directed to enter judgment dismissing the complaint without prejudice.

---

e.g., *Elgin Builders, Inc. v. United States*, 10 Cl.Ct. 40 (1986).

**3.** This argument has no bearing upon plaintiff's claim for alleged increased costs of performance resulting from modification of the contract because that claim does not arise out of the default termination.