**CORD MOVING & STORAGE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 236–89C.

United States Claims Court.

Aug. 18, 1989.

---

James R. Dankenbring, St. Louis, Mo., for plaintiff.

Randall J. Bramer, with whom were Acting Asst. Atty. Gen. Stuart E. Schiffer, Director David M. Cohen and Asst. Director Mary Mitchelson, Washington, D.C., for defendant.

Edward J. Obloy, Gen. Counsel, Defense Mapping Agency, Washington, D.C., Howard S. Bishop, Jr., Associate Gen. Counsel, and Larry J. Olson, Asst. Gen. Counsel DMA Aerospace Center, of counsel.

## OPINION

LYDON, Senior Judge:

Defendant has moved to dismiss the complaint in this contract case on the ground the court lacks subject matter jurisdiction over the claim asserted therein. Defendant asserted in its motion that plaintiff failed to submit its claim to the contracting officer for a decision as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 *et seq.* The complaint did not allege that plaintiff had submitted a claim to the contracting officer nor did it allege that the contracting officer had rendered a decision on the claim asserted in the complaint. Without more, the complaint was properly subject to a motion to dismiss "for the linchpin for appealing claims [to this court] under the Contract Disputes Act is the contracting officer's 'decision'." *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 177, 189, 645 F.2d 966, 967, 971 (1981).

Plaintiff responded to defendant's motion to dismiss by filing, by leave of court, a First Amended Complaint. In its amended complaint, plaintiff sought to remedy the deficiency in its original complaint by the addition of a new paragraph 7 which reads: "Plaintiff submitted its claim to the Contracting Officer for a decision as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 *et seq.* A copy of the Contracting Officer's decision is attached hereto and marked Exhibit 'A'." Plaintiff had advised it had inadvertently left out of its original complaint the quoted paragraph. Plaintiff asserts that the amendment of its complaint in the manner set forth above is sufficient to require denial of defendant's motion to dismiss. Plaintiff provided no brief or other response to defendant's motion to dismiss.

In its reply to plaintiff's opposition to its motion to dismiss, defendant asserts that plaintiff never presented a claim to the contracting officer and that Exhibit "A" which plaintiff attached to its complaint was not a decision in response to any claim presented by plaintiff but was a notification by the contracting officer to plaintiff that plaintiff would be liable to the government for all damages caused by a subcontractor of plaintiff's in performance of contract No. DMA700–88–M4827 which plaintiff entered into with the Defense Mapping Agency (DMA).

The parties waived oral argument and submitted the matter for decision on defendant's briefs and plaintiff's First Amended Complaint.

### Facts

On July 14, 1988 plaintiff entered into contract No. DMA700–88–M4827 with DMA wherein it agreed to perform moving and relocation services for DMA for the contract price of $11,240. Plaintiff performed these services for DMA on July 21, 1988. Plaintiff alleges that although it made demand for $11,240 on DMA, the DMA has failed and has refused to pay plaintiff for the services it performed under the contract. Plaintiff's amended complaint alleges that plaintiff "submitted its claim to the Contracting Officer for a decision '..." and that the contracting officer's decision was attached to the amended complaint as Exhibit "A".

Exhibit "A", attached to plaintiff's complaint is a letter dated August 23, 1988 from the contracting officer to plaintiff advising plaintiff that its subcontractor on contract No. DMA700–88–M4827 caused smoke damage to certain sections of Building 36 during performance of said contract.

Plaintiff was further advised the Government held it responsible for said smoke damage and directed plaintiff to deodorize and clean-up the smoke damage. The August 23, 1988 letter concluded, in pertinent part, as follows:

Your failure to notify the below signed Contracting Officer at 263–8298 by Noon on 26 August 1988 of your intent to begin clean-up procedures will result in the Government awarding a contract for the clean-up. The $11,244.00 in the above referenced contract will be deducted from the Government's damages and a demand for the remaining balance will be made against your Company.

This is the final decision of the Contracting Officer. You may appeal this decision to the Board of Contract Appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Board of Contract Appeals and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. Instead of appealing to the Board of Contract Appeals, you may bring an action directly in the U.S. Claims Court (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision. If you appeal to the Board of Contract Appeals, you may, solely at your election, proceed under the Board's small claims procedure for claims of $10,-000 or less or its accelerated procedure for claims of $50,000 or less.

### Discussion

 It is clear that suit on a contractor's claim in this court under the Contract Disputes Acts rests on the presentation by the contractor of a proper claim to the contracting officer and a decision on that claim by the contracting officer. It is also clear that all claims by the government against a contractor relating to the contract shall be the subject of a decision by the contracting officer. 41 U.S.C § 605(a).

Plaintiff alleges in its complaint that it presented a claim to the contracting officer. Plaintiff asserts that it did demand of the contracting officer that it be paid the contract price for performing the contract. There is no documentation offered by plaintiff in support of this assertion. There is no evidence that plaintiff presented a *written* claim to the contracting officer. Further, the August 23, 1988 letter, which plaintiff refers to as a decision on such a claim presented by plaintiff, clearly manifests that it is not a decision on any claim presented by plaintiff. The August 23, 1988 letter makes no reference to a claim presented by plaintiff to the contracting officer for decision.

Reasonably read, the August 23, 1988 reflects the manifestation of a government claim against plaintiff and the Government's intent to withhold the contract amount of $11,240 (or $11,244) otherwise due plaintiff on contract No. DMA700–88–M4827 as payment toward the damages caused by plaintiff's subcontractor. Since those damages, presumably, have yet to be determined by the contracting officer, no final decision by the contracting officer on the amount of the Government's claim has been rendered by the contracting officer.

 Under the amended complaint, the only possible claim available to plaintiff is a challenge to the Government's right to withhold plaintiff's contract payment for satisfaction of a potential government claim against plaintiff. In its August 23, 1988 letter, the contracting officer advised plaintiff that it was withholding the contract proceeds until a damage determination was made and informed plaintiff of its appeal rights relative to his decision to withhold said proceeds. As a matter of law, the government has the right to withhold contract amounts due a contractor for satisfaction of a claim, liquidated or unliquidated, which the government has against the contractor until the damage amount incurred by the government is determined by way of a contracting officer's decision. *See Project Map, Inc. v. United States,* 203 Ct.Cl. 52, 54–55, 486 F.2d 1375, 1376–77 (1973); *Dale Ingram, Inc. v. United*

*States*, 201 Ct.Cl. 56, 76–77, 475 F.2d 1177, 1188 (1973). As matters now stand, plaintiff does not have a breach of contract claim against DMA based on DMA's withholding of contract proceeds pending a determination by the contracting officer of the damages incurred by the Government as a result of plaintiff performance of the contract in question. *Dale Ingram, Inc., supra*, 201 Ct.Cl. at 76, 475 F.2d at 1188. Plaintiff's claim is, at best at this time, premature.

■ The claim set forth in plaintiff's amended complaint rests on the decision of a contracting officer which, in substance and fact, involves the initial stage for a government claim, i.e., the government's withholding of contract proceeds otherwise due the contractor until a determination is made by the contracting officer as to the amount of damages due the Government from plaintiff regarding the contract between them. Plaintiff's complaint challenges the Government's right to withhold said proceeds and demands immediate payment of the amount withheld. However, the Government's actions under the circumstances, do not constitute a breach of contract and thus, as a matter of law, plaintiff's amended complaint as filed is subject to dismissal. Until the contracting officer renders a decision on the damages due the DMA from plaintiff regarding the contract and determines how much of the withheld amount is necessary as a set-off or deduction from said damages, there is no viable government contract claim under the Contract Disputes Act on which the jurisdiction of this court can be predicated under the allegations of the amended complaint as filed.[1] As indicated earlier, a government claim must be the subject of a final contracting officer's decision. *See Morton v.*

*United States*, 757 F.2d 1273, 1276 (Fed. Cir.1985). Since a final contracting officer's decision has not been entered on the amount of the damages incurred by the Government during plaintiff's performance of the contract in question, there is no basis on which the litigation can go forward in this court at this time. *See Swager Tower Corp. v. United States*, 12 Cl.Ct. 499 (1987).[2]

### Conclusion

Defendant's motion to dismiss is granted. The clerk is directed to dismiss the complaint without prejudice. No costs.

---

1. As to the contracting officer's decision of August 23, 1988, on which plaintiff relies for its entree to this court, while it states that plaintiff will be responsible for the damages incurred by the DMA as a result of plaintiff's contract performance, it made no final decision as to the amount of plaintiff's liability. *See Swager Tower Corp. v. United States*, 12 Cl. Ct. 499, 500 (1987).

2. Should the court's view of the facts be in error, i.e., plaintiff did submit a *written* claim to the contracting officer prior to August 23, 1988; or the contracting officer had rendered a final decision on the amount of the plaintiff's liability prior to the date of this opinion, then a motion for reconsideration of this opinion under RUSCC 59(a), (b) may be appropriate.