ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Stormwater Plans, LLC dba SWP | ) | ASBCA Nos. 63900, 63901 |
|   Contracting & Paving | ) | |
| | ) | |
| Under Contract No. W912QR-17-C-0048 | ) | |

APPEARANCES FOR THE APPELLANT:    Traeger Machetanz, Esq.
    Davis Wright Tremaine LLP
    Seattle, WA

    Jonathan A. DeMella, Esq.
    Davis Wright Tremaine LLP
    Anchorage, AK

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
    Engineer Chief Trial Attorney
    James M. Inman, Esq.
    Zachary J. Grader, Esq.
    Sean P. Johnson, Esq.
    Engineer Trial Attorneys
    U.S. Army Engineer District, Louisville

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTION FOR PARTIAL DISMISSAL

These appeals involve a contract between Stormwater Plans, LLC (SWP) and the United States Army Corps of Engineers (USACE) for the reconstruction of parts of an aircraft hangar at Davis-Monthan Air Force base in Tucson, Arizona. SWP alleges that USACE was responsible for delays to the project and seeks $6,669,603.53 in damages (ASBCA No. 63900). SWP also appeals USACE's affirmative claim for liquidated damages in the amount of $1,237,095 (ASBCA No. 63901). USACE moves to dismiss three claims asserted in SWP's complaint on the grounds that these claims were never properly presented to the contracting officer (CO): (1) SWP's allegation that USACE breached the implied duty of good faith and fair dealing; (2) SWP's claim for the return of liquidated damages for work pertaining to lightweight concrete; and (3) SWP's contention that the dimensions of the existing "pre-engineered metal building" (PEMB) footing were defective and caused delays and cost increases to the project. SWP opposes the motion and asserts that these allegations stem from the same set of operative facts presented to the CO. For the

reasons stated below, we grant USACE's motion with respect to the lightweight concrete issue, but otherwise deny it.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 29, 2017, USACE awarded Contract No. W912QR-17-C-0048 to SWP for the repair of Aircraft Maintenance Unit, Facility 5251 at Davis-Monthan Air Force Base in Tucson, Arizona at a total price of $13,867,032.47 (R4, tab 5 at GovtR4 00178-79, 00185-88).

2. After experiencing various issues and delays during the course of the project, SWP submitted a certified claim to USACE's CO on June 1, 2023, seeking an equitable adjustment of $6,669,603.53 and a time extension of 771 days for delays allegedly resulting from USACE's defective designs for the project (R4, tab 3 at GovtR4 00043). SWP's claim also sought the return of liquidated damages improperly withheld by USACE adding "[g]iven all time extensions reflected herein, SWP is entitled to the release of all amounts withheld as liquidated damages." (*id.* at GovtR4 00056; compl. ¶¶ 32, 63).

3. Specifically, SWP's claim identified actions that USACE took or failed to take that allegedly delayed SWP's performance, such as USACE's issuing of an ambiguous and improper notice to proceed (NTP) (R4, tab 3 at GovtR4 00045), delays pertaining to USACE's review of SWP's steel joist submittal (*id.*), changed site conditions affecting Concrete Masonry Unit (CMU) and footing tie in (*id.*), design issues with the project's fire suppression system (*id.* at GovtR4 00049-51), and design issues relating to the project's fire alarm system (*id.* at GovtR4 00051-54).

4. On February 21, 2024, the CO issued a final decision (COFD) denying SWP's claim in its entirety (R4, tab 2). Additionally, the CO asserted an affirmative claim against SWP for $1,237,095 in liquidated damages, $678,709.86 of which had already been withheld by USACE (*id.* at GovtR4 00039).

5. On May 14, 2024, SWP appealed both the denial of its June 1, 2023 claim and USACE's affirmative claim for liquidated damages to the Board (R4, tab 1).

6. On May 16, 2024, the Board docketed SWP's appeals as ASBCA Nos. 63900 and 63901, respectively.

7. On June 17, 2024, SWP submitted its complaint to the Board.

8. SWP's complaint sought recovery based on theories of change and differing site conditions (compl. ¶¶ 12-13), USACE's alleged maladministration of the contract (*id.* at 13-14), defective specifications and USACE's alleged breach of the implied

warranty of constructability (*id.* at 14-16), and USACE's alleged breach of the implied warranty of good faith and fair dealing (*id.* at 16-17). The complaint specifically alleged that the contract completion date was delayed when the alleged maladministration impacted the lightweight concrete placement for the mezzanine area of the project due to USACE's failure to coordinate with base security in order to allow the concrete trucks access to the base (compl. ¶¶ 15-17, 43). Additionally, the complaint listed affirmative defenses to USACE's liquidated damages claim and prayer for relief, stating in pertinent part: "The Government's affirmative claim should be denied in its entirety and the retained liquidated damages in the amount of $678,709.86 should be released to SWP . . ." (*id.* at 17- 18).

9. SWP's complaint alleged that the dimensions USACE provided for the existing PEMB footing were defective and resulted in increased costs and delays to the project (compl. ¶¶ 13, 19, 46, 49, 50, 52). Specifically, the complaint asserted that the final drawings did not accurately reflect the existing PEMB support dimensions (*id.* ¶¶ 13, 19, 46), which constituted a defective specification requiring SWP to perform extra work (*id.* ¶ 52).

DECISION

*The Parties' Contentions*

USACE moves for partial dismissal on the grounds that three of SWP's claims were never presented to the CO: (1) SWP's claim that USACE breached the implied duty of good faith and fair dealing (gov't mot. at 5-6; gov't reply at 4-5); (2) SWP's claim for recovery of liquidated damages relating to lightweight concrete work (gov't mot. at 6; gov't reply at 5-6); and (3) SWP's allegations that USACE's drawings did not accurately reflect the existing PEMB support dimensions (gov't mot. at 6-7). SWP contends these claims are based on the same set of operative facts as those presented to the CO in its June 1, 2023 claim and therefore are properly before the Board (app. resp. at 1).

*Standard of Review*

Section 7103(a)(1) of the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." In other words, a COFD on a claim is a prerequisite for Board jurisdiction. The Board's jurisdictional requirements over a contractor's appeal cannot be forfeited or waived. *BB Gov't Servs. Srl*, ASBCA No. 63255, 23-1 BCA ¶ 38,303 at 185,962. While the CDA itself does not define the term "claim," the Federal Acquisition Regulation (FAR) defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum

3

certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101.

As the proponent of the Board's jurisdiction, SWP bears the burden of proving the Board's subject matter jurisdiction over these claims by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Centerra Grp., LLC, f/k/a The Wackenhut Servs., Inc.*, ASBCA No. 61267, 18-1 BCA ¶ 37,204 at 181,118. To establish Board jurisdiction over its claims, SWP must show that: (1) it has submitted each claim relating to the contract to a CO and (2) the CO has issued a final decision or deemed denial. *Id.*; *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015). The Board lacks jurisdiction over a new claim raised for the first time in a party's pleadings. *Unconventional Concepts, Inc.*, ASBCA, No. 56065 *et al.*, 10-1 BCA ¶ 34,340 at 169,591. "The test for what constitutes a 'new' claim is whether 'claims are based on a common or related set of operative facts. If the court will have to review the same or related evidence to make its decision, then only one claim exists.'" *Id.* (quoting *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990)). So long as an appeal is based on the same underlying operative facts as those set forth in the contractor's claim and claimed essentially the same relief, the appeal is not restricted to only the legal theories presented in the claim. *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003); *William L. Crow Constr. Co.*, ASBCA No. 41508, 97-2 BCA ¶ 29,124 at 144,901; *see also Gen. Constr. Co.*, ASBCA No. 39983, 91-1 BCA ¶ 23,314 at 116,917 ("[A]ppellant's inability to determine with assurance that the cause was defective specifications or differing site conditions, does not render the claim deficient.").

*The Board Has Jurisdiction Over SWP's Claim that USACE Breached the Implied Duty of Good Faith and Fair Dealing*

USACE first moves to dismiss SWP's claim that USACE breached the implied duty of good faith and fair dealing on the grounds that it was never presented to the CO (gov't mot. at 5-6; gov't reply at 4-5). "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Metcalf Constr. Co., Inc. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014) (quoting *Alabama v. North Carolina*, 560 U.S. 330, 351 (2010)). This duty requires each party "not to interfere with the other party's performance and not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract." *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005). Failure to fulfill this covenant constitutes a breach of contract. *Metcalf*, 742 F.3d at 990. The Board has ruled that the government's delay in taking actions required by the contract and its unreasonable failure to issue approvals constitute breaches of the implied duty of good faith and fair dealing. *See, e.g., ECC Int'l, LLC*, ASBCA No. 58993 *et al.*, 22-1 BCA

4

¶ 38,073 at 184,896; *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,085 at 180,539-40.

While SWP's claim to the CO did not assert a breach of duty of good faith and fair dealing legal theory, it relied on operative facts common or related to the breach of the duty of good faith and fair dealing claim asserted here. In particular, both claims are based upon numerous allegations that USACE's actions or inactions interfered with SWP's performance—including various design issues, site conditions, and delays caused by USACE's failure to timely review and approve SWP's proposals (SOF ¶ 3). Therefore, because SWP's claim that USACE breached the implied duty of good faith and fair dealing stems from the same set of operative facts as those presented to the CO, we conclude that this claim is properly before the Board.* *Scott Timber*, 333 F.3d at 1365-66; *William L. Crow*, 97-2 BCA ¶ 29,124 at 144,901.

*SWP's Lightweight Concrete Delay Allegation Is a New Claim:*

USACE next moves to dismiss SWP's claim for recovery for the lightweight concrete work on the grounds that it is a new claim that was never submitted to the CO (gov't mot. at 6; gov't reply at 5-6). While SWP does not dispute that this specific allegation was presented to the CO, it contends that the allegations in its complaint relate to the explanation as to why the project's completion date was delayed, including the lightweight concrete work, which was properly pled as an affirmative defense to USACE's claim for liquidated damages. As USACE's affirmative claim was first assessed in the second COFD, SWP contends that it had "no reasonable opportunity to include relevant allegations in its original Claim." To require SWP to resubmit the liquidated damages COFD assessment back to the CO for another decision would create a "procedural quagmire for contractors, contracting officers, and the Board." (App. resp. at 10-12)

This argument might be persuasive if not for the proscription against it imposed by the Federal Circuit in the seminal case of *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323 (Fed. Cir. 2010). There, the court stated that "a contractor seeking an adjustment of contract terms must meet the jurisdictional requirements and procedural prerequisites of the CDA, whether asserting the claim against the

---

* USACE relies on *CCI, Inc.*, ASBCA No. 57316, 14-1 BCA ¶ 35,546 at 174,197 to argue that the Board lacks jurisdiction because SWP did not allege any "bad faith" on USACE's part in its claim. However, *CCI* involved a claim alleging that the government acted in bad faith, not a claim for breach of the implied warranty of good faith and fair dealing. *Id.* at 174,196-97. *See also Lulus Ostrich Ranch*, ASBCA No. 59252, 19-1 BCA ¶ 37,263 at 181,342 (concurrence in result) ("The government need not . . . act in bad faith . . . to be found liable for breach of the duty [of good faith and fair dealing]").

government as an affirmative claim or as a defense to a government action." 609 F.3d at 1331. It is well understood that seeking an extension of time on a contract due to government action or inaction is seeking an adjustment of a contract term. *See id*. (quoting *Elgin Builders, Inc. v. United States*, 10 Cl. Ct. 40, 44 (1986)); *see also Conquistador Dorado Joint Venture*, 24-1 BCA ¶ 38,620 at 187,734 (recognizing that, as a result of *Maropakis*, a claim for extension is a necessary prerequisite for asserting the defense to liquidated damages of excusable delay). Thus SWP's argument that a contractor's affirmative defenses that do not seek to adjust the terms of a contract do not need to be presented to a CO for a final decision for the Board to have jurisdiction (*see* app. opp'n at 11-12 (citing *Kellogg Brown & Root Servs., Inc.*, ASBCA No. 56358 *et al.*, 17-1 BCA ¶ 36,779 at 179,248)) fails for the straightforward reason that its affirmative defense *does* require such adjustment to contract terms. Although we have some sympathy to SWP's grievance of a "procedural quagmire" stemming from its need to file a claim to defend itself from a government claim, that complaint has been raised ever since *Maropakis* was first issued and SWP certainly knew how to oppose the government's liquidated damages by requesting extensions in a claim to the CO with many other bases – it just chose not to raise the lightweight concrete issue in that claim. SWP, of course, is free to use the bases included in its claim to justify excusable delay in defense of the government's liquidated damages claim. Accordingly, these allegations (compl. ¶¶ 15-17, 43) are stricken from the complaint.

*The Board Has Jurisdiction Over SWP's PEMB Support Dimension Claim*

Finally, USACE moves to dismiss SWP's claim that USACE's drawings did not accurately reflect the existing PEMB support dimensions, arguing that the term "PEMB" does not appear in SWP's claim (gov't mot. at 6-7; gov't reply at 3-4). However, as SWP argues, the claims that SWP raises here arise from the same set of operative facts as those presented to the CO in its claim (app. resp. at 12-14).

SWP's complaint alleges that "during SWP's saw-cutting of the existing slab on grade concrete, it discovered a significant subsurface wall, or grade beam, that was responsible for supporting the large metal trusses that in turn supported the roof of the [PEMB]" (compl. ¶ 11). The complaint also elaborated on how this discovery further impacted SWP's work on the project, including SWP's discovery that USACE's drawings did not include accurate dimensions related to the CMU walls, their relationship with existing PEMB supports, and the dimensions of the existing shell or PEMB, specifically the fact that the dimensions of the existing PEMB footprint were several feet smaller than those depicted in USACE's plans and drawings (*id.* ¶¶ 12-13, 19, 46, 49-50). The complaint further alleged that these issues were worsened by USACE's failure to properly account for the Air Force's requirement of a 10-foot "bubble" around each aircraft (*id.* ¶ 20).

These allegations are based upon and elaborate on the same set of operative facts as those raised in SWP's claim to the CO (app. resp. at 13-14). As SWP contends, its claim alleged problems with various dimensions and measurements for the project that hindered its performance, including the 10-foot "bubble" requirement around each aircraft (R4, tab 3 at GovtR4 00049-51). The "VIII. Fire Suppression Design" section of its claim stated that "[t]o this date, SWP has been provided no contract modifications for this major design flaw of the government, which was the underlying cause of numerous design issues and related changes" (R4, tab 3 at GovtR4 00051). Additionally, Subsection C of the "X. Other Delays" portion of its claim asserted that:

> The procurement of the steel for the beams and joist were delayed due to many factors that had to be worked out to be able to obtain proper measurements. . . . Not long after, on July 20, 2018, SWP submitted RFI-0038 to address additional unforeseen structural footings (grade beams) that conflicted with the CMU wall footings. . . . Because of all these conflicts and design issues, SWP was delayed in procuring steel for the project by 130 days.

(R4, tab 3 at GovtR4 00055) Thus, SWP's claim to the CO—like its claim on appeal—challenged design errors and their impact on the schedule (R4, tab 3 at 7-9, 13, 16-18). Accordingly, because SWP's PEMB allegations do not require the Board to consider evidence different from and unrelated to that presented in SWP's claim, we determine that jurisdiction is proper. *Placeway Constr.*, 920 F.2d at 907.

## CONCLUSION

For the foregoing reasons, the government's motion is granted as to the lightweight concrete affirmative defense (compl. ¶¶ 15-16, 43), which is hereby stricken for lack of jurisdiction, but the remainder is otherwise denied. Accordingly, the stay in the above-captioned appeals is hereby lifted.

Dated: April 10, 2025

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

7

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 63900, 63901, Appeals of
Stormwater Plans, LLC dba SWP Contracting & Paving, rendered in conformance with
the Board's Charter.

Dated: April 10, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8