**LASKER–GOLDMAN CORPORATION, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 392–83C.**

United States Claims Court.

Dec. 14, 1983.

David A. Trager, New York City, for plaintiff.

Stephen G. Anderson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

NETTESHEIM, Judge.

This case is before the court after argument on defendant's motion to dismiss the complaint or, in the alternative, for summary judgment and plaintiff's opposition thereto. Plaintiff's cross-motion for partial

---

**3.** 16 U.S.C. §§ 460*l*–4 to 460*l*–11 (1980).

summary judgment on several of its causes of action has been deferred pending a ruling on defendant's jurisdictional motion.

## FACTS

Plaintiff is a sub-subcontractor of Associated Universities, Inc. ("AUI"), under a contract between the latter and the United States Department of Energy (the "DOE") to operate the Brookhaven National Laboratory ("Brookhaven"). AUI subcontracted with Ammann & Whitney, Inc., and Safeguard Construction Management Corp., both Delaware corporations (the "Joint Venture"), for construction of an "intersecting storage accelerator" at Brookhaven. On October 27, 1980, the Joint Venture subcontracted with plaintiff to furnish materials, plant equipment, and all labor and services necessary for construction of the accelerator. A revised version of the contract between the Joint Venture and plaintiff was signed on January 31, 1981. Both contracts were subject to DOE's approval. The new contract incorporated, *inter alia,* a revised Disputes clause to eliminate appeal to the DOE.

In its motion defendant revealed that on April 27, 1983, plaintiff sued the Joint Venture and AUI in New York State Supreme Court claiming damages for expenses incurred by plaintiff in complying with changes to the contract work required by the defendants to that suit. *Lasker-Goldman Corp. v. Ammann & Whitney, Inc., et al.,* No. 17768/83 (N.Y.Sup.Ct.). On June 15, 1983, plaintiff filed suit in this court against the Government based on identical claims. Defendant also produced at oral argument a copy of an order entered on August 8, 1983, in the state court litigation dismissing the amended complaint as to AUI based on lack of privity.

## DISCUSSION

Defendant has moved to dismiss the complaint on the ground that no privity of contract exists between plaintiff and the United States. According to defendant, plaintiff could only show privity by demonstrating that the Joint Venture acted as an agent of the United States in contracting with plaintiff. In that case the pendency of plaintiff's suit against the Joint Venture and AUI would deprive this court of jurisdiction. 28 U.S.C. § 1500 (1976). The dismissal of the state court litigation as to AUI avoids this argument. Plaintiff admits that the Joint Venture was not acting under the authority of the United States, arguing instead that the Joint Venture and defendant were independent parties to the same contract and that plaintiff has the right to sue each party where it can find jurisdiction.

The Federal Circuit has spoken on the issue of whether a subcontractor may sue the Government directly under the Contracts Dispute Act of 1978, 41 U.S.C. §§ 601–613 (Supp. V 1981) (the "CDA"), when the Government did not execute the subcontract, when the subcontract was subject to prior government approval, and when the Government disclaimed a contractual relationship between itself and the subcontractor. *United States v. Johnson Controls, Inc.,* 713 F.2d 1541 (Fed.Cir.1983). Lack of privity bars such a suit.

Plaintiff puts forward three arguments to support its contention that the Government is a party to plaintiff's contract with the Joint Venture. First, plaintiff reproduces the signature block of the contracts, which contains the signature of Vern F. Witherill for DOE. Plaintiff's reproduction, however, omits article 5 of the contracts, which appears directly above the signature block in each contract and states:

This Contract is subject to the written approval of AUI and DOE and shall not be binding unless so approved. Such approval shall be effective as of the effective date of this Contract. This Contract does not bind nor purport to bind the Government.

*Johnson Controls* points to such a disclaimer as manifesting the lack of intention to bind the Government. *Johnson Controls,* 713 F.2d at 1553.[1]

---

**1.** A similar limitation in the prime contract between the Joint Venture and AUI is vitiated,

Second, plaintiff appears to argue that subcontractors in its position have been held to be government contractors in the past. It is argued specifically that contracts between universities operating DOE laboratories and contractors for work to be performed at these laboratories are government contracts: Prime contractors which operate DOE facilities are considered agents of the Government, and an exception to the no-privity rule is recognized for subcontracts concluded with such government agents. This argument and the authorities cited in support thereof are irrelevant because, although AUI arguably is such an entity, plaintiff's contract is not with AUI, but with the Joint Venture, which in turn has a contract with AUI. *See generally Johnson Controls,* 713 F.2d at 1549–50.

Finally, plaintiff adduces as evidence of the existence of a contract between itself and the Government the fact that it was required to furnish Miller Act performance and payment bonds, although the Joint Venture was not.[2] It is not uncommon for DOE to require even subcontractors to furnish Miller Act bonds, despite the fact that under the Act the bonds are only required of prime contractors. The requirement of furnishing such bonds does not help plaintiff's argument that its sole recourse was against the Government. Not only is any indication absent that plaintiff was to sue the United States directly, but the revised Disputes clause in the January 31, 1981, contract put plaintiff on notice that recourse did not lie with the United States. *See Johnson Controls,* 713 F.2d at 1555.

however, by a reference, in the subcontract between plaintiff and the Joint Venture, to the prime contract as a contract between the Joint Venture and the United States.

2. Although the terms of the performance bonds imply that there is some doubt as to whether they are Miller Act bonds ("[i]f the said contract is subject to the Miller Act ...."), instruction 1. on the payment bonds states that "[T]his form ... shall be used whenever a payment bond is required under ... [the Miller Act]."

3. At argument plaintiff's counsel advised that settlement would be accomplished within several weeks. The court allowed the parties ap-

## CONCLUSION

Defendant's motion to dismiss the complaint is granted, and the Clerk of the Court will dismiss the complaint for lack of jurisdiction of the subject matter.[3]

IT IS SO ORDERED.

proximately five weeks within which to file a stipulation of dismissal to obviate the need to rule on defendant's motion. Plaintiff has now moved to defer the ruling further because settlement has all but been concluded and payment will likely be received in order to allow filing a stipulation of dismissal by January 10, 1984, or even within one week from this date. Defendant took the position that the settlement was without regard to the disposition of this case. In these circumstances further deferral of the ruling on defendant's motion is not warranted, especially given the conclusion that jurisdiction is lacking.