**4-STAR CONSTRUCTION CORP.**

v.

**The UNITED STATES.**

**No. 460–83C.**

United States Claims Court.

Sept. 25, 1984.

Gerald F. Penca, Cleveland, Ohio, for plaintiff.

Michael A. Gordon, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

SETO, Judge.

This Government contract case is before the court on defendant's motion to dismiss for lack of jurisdiction. The issues involved are whether the Miller Act, 40 U.S.C. §§ 270a–270d (1982), entitles subcontractors to sue the Government for money damages and, if so, whether the Act's statute of limitations, 40 U.S.C. § 270b(b) (1982), bars plaintiff's action. For the reasons stated below, the court concludes not only that plaintiff lacks

standing to sue the United States, but that plaintiff's claim is barred by the Miller Act's one-year statute of limitations.

### FACTS [1]

Plaintiff, 4-Star Construction Corp. ("4-Star"), was hired as a subcontractor by J & M Contracting Company ("J & M"), a government contractor, on June 12, 1981. The subcontract called for 4-Star to make certain improvements and repairs at Camp Perry, Ohio, pursuant to J & M's contract with defendant.[2] Plaintiff avers that $13,269.14 of the original contract price of $27,555.00, plus 18% interest per annum from January 28, 1982, is still due for work completed under the subcontract. Plaintiff alleges that J & M is no longer in business, and that past efforts to collect this sum have been fruitless. Moreover, 4-Star cannot attach a mechanic's lien on the Camp Perry property, because it is owned by the United States.[3] Finally, plaintiff contends that defendant violated the Miller Act by not requiring the prime government contractor, J & M, to file a payment bond for the protection of the subcontractors and materialmen on the Camp Perry project.[4]

Defendant, in lieu of filing an answer, moved to dismiss the complaint on the ground that plaintiff failed to state a claim within the court's jurisdiction, since plaintiff was not in privity of contract with defendant. Plaintiff rejoins that its claim was based on the Miller Act, not on a contract with defendant. In its reply brief, defendant maintains that: (a) the Miller Act does *not* create a cause of action for

---

1. The facts as herein set forth have been gleaned from the complaint. These facts are taken as true only for the limited purpose of ruling on defendant's motion.

2. The United States—J & M contract for the Camp Perry repairs is No. DABT 23–81–C–0303/SB520–8(a)–81–C–263.

3. *See, e.g., J.W. Bateson Co., Inc. v. United States ex rel. Board of Trustees,* 434 U.S. 586, 589, 98 S.Ct. 873, 875, 55 L.Ed.2d 50 (1978); *F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 122, 94 S.Ct. 2157, 2161, 40 L.Ed.2d 703 (1974); *United States Fidelity & Guaranty Co. v. United States,* 201 Ct.Cl. 1, 8–9, 475 F.2d 1377, 1381 (1973).

4. The pertinent Miller Act bond requirement reads:

   (a) Before *any contract, exceeding $25,000 in amount,* for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, *such person shall furnish to the United States the following bonds . . .*

   \*       \*       \*       \*       \*       \*

   (2) A payment bond with a surety or sureties . . . for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. [40 U.S.C. § 270a(a)(2) (1982) (Emphasis supplied).]

plaintiff to directly sue the United States, and furthermore (b) plaintiff's claim is barred by the Miller Act's one-year statute of limitations.

## DISCUSSION

■ The Claims Court's jurisdiction is dependent upon the extent to which the United States has waived its sovereign immunity to suit. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Plaintiff invoked the jurisdiction of this court under the Tucker Act, 28 U.S.C. § 1491 (1982).[5] The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 463 U.S. 206, ——, 103 S.Ct. 2961, 2967–2968, 77 L.Ed.2d 580, 590 (1983). A claimant must therefore rely on a substantive right from another source of law, and evince that "the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." 463 U.S. at ——, 103 S.Ct. at 2968, 77 L.Ed.2d at 591. Plaintiff relies on the Miller Act to provide its substantive right to the monies claimed.[6]

■ The Miller Act, however, does *not* expressly create a substantive right on behalf of a subcontractor to directly sue the United States, for compensation owed him by the prime government contractor. *See* 40 U.S.C. §§ 270a–270d; *United States v. Munsey Trust Co.*, 332 U.S. 234, 241, 67 S.Ct. 1599, 1602, 91 L.Ed. 2022 (1947); *United Electric Corp. v. United States*, 227 Ct.Cl. 236, 240 nn. 4–5, 647 F.2d 1082, 1084 *cert. denied*, 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981); *United States Fidelity & Guaranty Co. v. United States*, 201 Ct.Cl. 1, 8, 475 F.2d 1377, 1381 (1973). Under the Miller Act, a subcontractor's sole remedy is to institute a suit against the government contractor, J & M, or the surety, in the name of the United States. *See* 40 U.S.C. § 270b (1982).

Plaintiff depends entirely on *Kennedy Electric Co., Inc. v. United States Postal Service*, 508 F.2d 954 (10th Cir.1974), to support its claim. Plaintiff's reliance is misplaced. In *Kennedy*, an electrical subcontractor, which had completed work on a post office building, brought suit against the Postal Service for labor and materials provided. The subcontractor had not been paid because the government contractor had become insolvent, and no Miller Act bonds had been posted. The Tenth Circuit affirmed the district court judgment that Kennedy had an equitable lien on the contract retainages held by the Postal Service, as well as an equitable lien on the amounts which had been improperly paid to the prime's assignee, in violation of Postal Service regulations.

The Court of Claims, however, distinguished *Kennedy* in *United Electric Corp. v. United States*, 227 Ct.Cl. 236, 647 F.2d 1082, *cert. denied*, 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981), on facts similar to those in the present action. In *United Electric*, an electrical subcontractor sought judgment against the United States for work completed on an Air Force base, for which it had not been paid. The government contractor was insolvent, and the surety refused compensation, claiming that the bond which plaintiffs alleged was legally inadequate, did not cover the materials supplied by United Electric.[7] The Court of Claims, in dismissing the *United Electric* petition, distinguished *Kennedy* and emphasized that in *Kennedy*, the Postal Service, *not* the United States, was the defendant, stating:

> The Postal Service is an independent establishment with the general capacity (given it by Congress) to "sue and be sued", *See* 39 U.S.C. § 401, not a subordinate unit of the Federal Government like the Air Force. In *Kennedy*, there-

---

5. Complaint, ¶ 2.

6. Complaint, ¶ 1.

7. The present action is similar to *United Electric* in that the government contractor in both cases was unable to pay their subcontractor. Additionally, there was no payment bond coverage for the respective plaintiffs.

fore, there was no bar of sovereign immunity to the subcontractor's suit, and the Postal Service was found to be "just as amenable to the judicial process as is a private enterprise." [*United Electric,* 227 Ct.Cl. at 239, 647 F.2d at 1085.]

This distinction is equally applicable in the present case. Here, as in *United Electric,* plaintiff sued the United States, and not an independent agency such as the Postal Service with capacity to sue or be sued. The Miller Act does *not* create a cause of action for plaintiff against the United States; moreover, plaintiff has failed to demonstrate that the Miller Act can be interpreted as requiring payment by defendant for the compensation claimed. *See, e.g., United Electric,* 227 Ct.Cl. at 240 nn. 4–5, 647 F.2d at 1086 nn. 4–5. Accordingly, plaintiff lacks standing to sue the United States.

██ Assuming, *arguendo,* that plaintiff could maintain this action against defendant, its claim is additionally barred by the Miller Act's one-year statute of limitations.

The Miller Act time bar requires that a suit by a subcontractor be filed before "the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C. § 270b(b) (1982). This statute is jurisdictional, and compliance therewith consistently has been held to be a condition precedent to maintaining an action under the Miller Act. *United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.,* 573 F.2d 245, 247 (5th Cir. 1978); *United States ex rel. Celanese Coatings Co. v. Gullard,* 504 F.2d 466, 468 (9th Cir.1974); *United States ex rel. General Dynamics Corp. v. Home Indemnity Co.,* 489 F.2d 1004, 1005 (7th Cir.1973); *United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co.,* 359 F.2d 521, 523 (6th Cir.1966); *United States ex rel. B. Katchen Iron Works, Inc. v. Standard Accident Ins. Co.,* 257 F.2d 78, 79 (3rd Cir.1958). Plaintiff requests judgment for $13,269.14, plus 18%

annual interest from January 28, 1982.[8] Pursuant to the terms of 40 U.S.C. § 270b(b), this action should have been initiated by January 28, 1983. Plaintiff did not file its claim until July 18, 1983, which is clearly outside the limitation prescribed by the statute. This court is therefore without jurisdiction over plaintiff's claim.

## CONCLUSION

For the reasons discussed herein, defendant's motion to dismiss is GRANTED, and plaintiff's complaint is to be DISMISSED.

IT IS SO ORDERED.