**BRAZIER FOREST PRODUCTS, INC., and Cascade Roads, Inc., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 600–82C.**

United States Claims Court.

Jan. 15, 1987.

William F. Lenihan, Seattle, Wash., for plaintiffs; Sigurd Borgersen, of counsel.

Terrence S. Hartman, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant; Rhea Moore, U.S. Dept. of Agriculture, of counsel.

## ORDER

BRUGGINK, Judge.

In this action, a subcontractor, through its prime, seeks to recover damages associated with the performance of a contract to construct roads in the Gifford Pinchot National Forest. The case is before the court on defendant's motion for summary judgment asserting lack of jurisdiction. After consideration of the submissions of the parties, the motion is granted with respect to the subcontractor, Cascade Roads, Inc. ("Cascade"), and denied with respect to the prime, Brazier Forest Products, Inc. ("Brazier").

## BACKGROUND

On October 6, 1980, the United States Forest Service awarded the Isabel 2 Timber Sale Contract ("the prime contract") to Brazier. In return for the timber, the contract obliged Brazier to reconstruct sections of road and build a new road in the forest. To meet this obligation, on October 1, 1980 Brazier subcontracted to Cascade all road construction work under the prime contract.

On November 12, 1981, Cascade submitted a claim to the contracting officer for breach of contract based on allegedly defective specifications in the prime contract. On December 8, 1981, the contracting officer informed Cascade by letter that its claim must be sponsored by Brazier since Cascade, as subcontractor, was not in privity of contract with the United States. Additionally, the contracting officer informed Brazier that it must certify Cascade's claim pursuant to the Contract Disputes Act, 41 U.S.C. § 605 (1982). On January 14, 1982, Brazier adopted and certified Cascade's claim. On July 6, 1982, the contracting officer issued a final decision awarding Brazier $51,001.43, but denying the claim in all other respects. Brazier and Cascade filed a complaint in this court on November 22, 1982, seeking review of the contracting officer's decision.

After action commenced in this court, Brazier filed a plan of reorganization under Chapter 11 with the United States Bankruptcy Court for the Western District of Washington. Cascade was not specifically mentioned in the plan as a creditor. On January 9, 1986, the bankruptcy court issued an order confirming Brazier's plan. On September 25, 1986, the bankruptcy court, at Brazier's request, approved the following amendment to the plan:

*Class 15:* The claim of Cascade Roads, Inc., is unaffected by the Plan and in accordance with an agreement between Cascade Roads, Inc. and the debtor, [Brazier] remains liable to Cascade Roads, Inc. on its claim to the extent that a money judgment is obtained in favor of [Brazier] and Cascade Roads, Inc. against the United States in that cause now pending in the United States Claims Court, entitled *Brazier Forest Products and Cascade Roads, Inc.,* No. 600–82C, and such money judgment is paid by defendant United States to Cascade Roads, Inc.

## DISCUSSION

As a basis for its motion, defendant argues that Cascade should be dismissed since, as a subcontractor, it is not in direct privity with defendant. It also argues that Brazier's claim should be dismissed because Cascade's claim against Brazier was discharged by the confirmation order of January 9, 1986, and that in the absence of liability by Brazier, there is no claim over which this court has jurisdiction. Defendant dismisses the September 25 modification recognizing Cascade's debt as a "gratuitous promise" which was improperly incorporated into the plan by the bankruptcy court without notice to the United States and other contractors.

 It is well established that a subcontractor may not sue the government absent privity. *See Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed.Cir.1984); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550–52 (Fed.Cir.1983). A subcontractor who is not in direct privity with the government must seek redress through the prime contractor.

*See Erickson Air Crane,* 731 F.2d at 813–14. However, such an action can only be asserted if the prime contractor has reimbursed its subcontractor or remains liable for such reimbursement in the future. *J.L. Simmons Co. v. United States,* 158 Ct.Cl. 393, 397, 304 F.2d 886, 888 (1962); *Severin v. United States,* 99 Ct.Cl. 435, 443 (1943), *cert. denied,* 322 U.S. 733, 64 S.Ct. 1045, 88 L.Ed. 1567 (1944).

In the instant case, Cascade is not in privity of contract with the government and must sue through Brazier. Defendant's motion is thus well taken in pointing out that Cascade cannot sue here in its own name, and must be dismissed. The claim must be prosecuted "against the government through and in the right of the prime contractor's contract, and with the prime contractor's consent and cooperation." *Erickson Air Crane,* 731 F.2d at 813.

■ The remaining question raised by the motion is whether there can be any liability existing from Brazier to Cascade in view of Brazier's reorganization. Although this question would seem to be answered affirmatively by the terms of the bankruptcy court's modification, defendant raises a number of objections. First, defendant points to the conditional nature of the claim. The modification to the confirmation order specifically recognizes Brazier's liability "to the extent that a money judgment is obtained in favor of [Brazier] and Cascade Roads, Inc. against the United States" in the action in this court. This type of conditionality is not a release,[1] however, and does not preclude suit by the prime contractor. *See Keydata Corp. v. United States,* 205 Ct.Cl. 467, 476–79, 504 F.2d 1115, 1120–21 (1974); *Owens-Corning Fiberglas Corp. v. United States,* 190 Ct.Cl. 211, 239–42, 419 F.2d 439, 455–58 (1969); *Donovan Construction Co. v. United States,* 138 Ct.Cl. 97, 99–100, 149 F.Supp. 898, 900–901, *cert. denied,* 355 U.S. 826, 78 S.Ct. 34, 2 L.Ed.2d 39 (1957). Even

assuming no modification was ever made, in any event Cascade would share *pro rata* as an unsecured creditor as provided for in paragraph 5.12.1 of the reorganization plan. Although its ultimate recovery in the bankruptcy might be a fraction of its asserted claim, there would be *some* liability present for purposes of Brazier maintaining a claim here.

■ The court also rejects defendant's assertion that the the modification constitutes an unenforceable "gratuitous promise." A bankruptcy plan may be modified after confirmation and "such plan as modified under this subsection becomes the plan." 11 U.S.C. § 1127(b) (1982). The modification here specifically operated as a *nunc pro tunc* recognition of Cascade's claim against Brazier. For aught that appears, the modification recognizes a previously existing debt: "[t]he claim of Cascade Roads, Inc. is unaffected"; "[Brazier] remains liable." Defendant has not sought to challenge the bankruptcy court's modification order in that forum, and is barred from collaterally attacking it here. *American Guaranty Corp. v. United States,* 185 Ct.Cl. 502, 401 F.2d 1004 (1968); *Garfield Trust Co. v. United States,* 160 Ct.Cl. 178, 312 F.2d 751, *cert. denied,* 373 U.S. 923, 83 S.Ct. 1524, 10 L.Ed.2d 422 (1963). This principle also precludes defendant's attempt in this court to challenge the lack of notice to other creditors. The order of the bankruptcy court specifically finds that notice is not necessary. While lack of the type of notice contemplated by 11 U.S.C. § 1127(b) may be a deficiency reviewable in the bankruptcy proceeding, the court concludes that it would be improper to attempt to make that determination in this action. Plainly the asserted deficiency does not go to the jurisdiction of the bankruptcy court over the parties or the estate. Moreover, the government clearly had constructive notice of the modification and has not challenged it in the ongoing bankruptcy action—the appropriate place to do so.[2]

---

1. Thus distinguishing the present facts from *Pearson, Dickerson, Inc. v. United States,* 115 Ct.Cl. 236 (1950), where the contractor executed an unconditional release.

2. In any event, the primary interest of the creditors in the bankruptcy proceeding will be in division of a recovery, if any, generated in this

## CONCLUSION

For the foregoing reasons, the court concludes that there remains a liability from Brazier to Cascade. Brazier thus has standing to sue and the motion is denied with respect to it. Because it is not in privity of contract with defendant, the motion for summary judgment is granted with respect to Cascade. Cascade is dismissed as a party in this case. By separate order, the case will be scheduled for trial on the issue of liability.

action. That interest would appear to remain