**SHORE CONTRACTORS, INC., Plaintiff,**

v.

**Charles L. HEATHERLY, Acting Administrator of the Small Business Administration, Defendant and Third–Party Plaintiff,**

v.

**James A. HAWK, as President of Transit Construction Company, Third–Party Defendant.**

**Civ. A. No. 86–945–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 28, 1987.

**294**

J. Gray Lawrence, Jr., Howell, Daugherty, Brown & Lawrence, Norfolk, Va., for plaintiff.

J. Phillip Krajewski, Asst. U.S. Atty., Norfolk, Va., for third-party defendant.

## ORDER

MacKENZIE, District Judge.

Plaintiff, Shore Contractors, Inc. ("Shore"), originated this action on December 16, 1986, against Charles L. Heatherly, Acting Administrator of the Small Business Administration (SBA). On March 23, the SBA impleaded James A. Hawk as President of Transit Construction Company ("Transit").

During 1985 and 1986, Shore was the subcontractor from Transit for work on a demolition contract obtained by Transit from the SBA. Shore completed the subcontract in May of 1986 but was never fully paid. In its amended complaint, Shore seeks to recover the unpaid balance on its subcontracts from the SBA. The parties are now before the Court on the SBA's motion to dismiss pursuant to F.R. Civ.P. 12(b)(1) and 12(b)(6) or in the alternative, motion for summary judgment. F.R. Civ.P. 56(b). Jurisdiction is pursuant to 15 U.S.C. § 634(b)(1).

### I.

In September of 1985, the SBA entered into a contract with the United States Navy for the demolition of a sewage treatment plant at the Dam Neck Naval Installation, Virginia Beach, Virginia ("The Project"). Pursuant to its authority under 15 U.S.C. § 637(a), the SBA arranged for the entire project to be performed by Transit, a minority-owned and operated business, for the sum of $313,000. By contracts dated December 2, 1985 and April 8, 1986, Transit subcontracted substantially all of the demolition, waste removal and landscaping work to Shore for a total price of $232,447.83. Although Transit obtained a performance bond guaranteeing completion of the project, it did not obtain a payment bond for the purpose of guaranteeing payment to subcontractors such as Shore.

The Navy paid the entire contract price to Transit. Transit, however, failed to pay Shore some $70,000 owed it on the subcontracts. In November of 1986, Shore obtained a judgment against Transit for $70,-109.35 in the Circuit Court of the City of Chesapeake. Nevertheless, neither James Hawk or Transit have assets with which to pay Shore's judgment and bankruptcy is suggested.

Shore alleges that the SBA is liable for Transit's deficiency on two statutory grounds: (1) that the SBA breached its statutory duty under 15 U.S.C. § 637(a)(2) to secure a payment bond or otherwise provide for the protection of subcontractor interests; and (2) that the SBA breached its statutory duty under the Miller Act, 40 U.S.C. § 270a(a)(2), to secure a payment bond from its prime contractor. In its motion to dismiss or for summary judgment, the SBA argues several grounds which can be generally summarized as follows: (1) Shore has no cause of action under either 15 U.S.C. § 637(a)(2) or the Miller Act; (2) even if a cause of action does exist, the project was a demolition contract exempt from the two statutes by 48 C.F.R. § 37.302; and (3) if Shore has a cause of action against the SBA, the Contract Disputes Act, 41 U.S.C. § 601, *et seq.* denies this Court jurisdiction of the subject matter.

After considering the arguments on both sides, the Court finds that Shore has no cause of action against the SBA. Accordingly, the SBA's second and third grounds for dismissal will not be discussed.

### II.

The Miller Act, 40 U.S.C. § 270a, provides that before any contract, exceeding $25,000 in amount, for the construction, alteration, or repair of any public work of the United States can be awarded to a

contractor, that contractor must furnish a payment bond to the United States for the protection of all suppliers of labor and materials under the contract. Under 15 U.S.C. § 637(a), the SBA has the authority to enter into contracts with the United States Government and to arrange for the performance of these contracts by socially and economically disadvantaged business concerns. Section 637(a)(2) provides in part that the SBA may waive the Miller Act's payment bond requirement if appropriate steps are taken to protect laborers and materialmen. In substance, § 637(a)(2) does not alter the Miller Act requirements, but merely provides a limited exception which may be exercised in the SBA's discretion.

■ The purpose of the Miller Act is to provide subcontractors with the protection of a surety guarantee since with respect to public projects, they cannot acquire the more customary protection of a lien. *United States v. Munsey Trust Co.*, 332 U.S. 234, 241, 67 S.Ct. 1599, 1602, 91 L.Ed. 2022 (1947). The basic rationale for Miller Act payment bonds is the longstanding rule that "laborers and materialmen do not have enforceable rights against the United States for their compensation." *Id.* If the subcontractor is not paid, his only remedy is a suit under the Miller Act on the payment bond; he has no lien and no claim against the Government. *United States v. Cleveland Electric Co. of South Carolina*, 373 F.2d 585, 588 (4th Cir.1967).

Furthermore, the Government's immunity from subcontractor claims is not waived by its failure to insist that its prime contractors furnish payment bonds. *Arvanis v. Noslo Engineering Consultants, Inc.*, 739 F.2d 1287 (7th Cir.1984); *Devlin Lumber and Supply Corp. v. United States*, 488 F.2d 88 (4th Cir.1973). The Miller Act places no affirmative obligation on the Government and grants the subcontractor the narrow and specific right to sue on any existing payment bond "in the name of the United States for the use of the person suing." 40 U.S.C. § 270b(b); *Arvanis*, 739 F.2d at 1290.

Nevertheless, Shore claims that the Miller Act and § 637(a)(2), when juxtaposed with 15 U.S.C. § 634(b)(1), create a cause of action in its favor against the SBA. Shore argues that the case law which has declined to find Government liability to subcontractors under the Miller Act is based on findings of sovereign immunity. Shore then alleges that § 634(b)(1), which provides that the SBA may "sue and be sued," waives this immunity and opens the SBA to liability under the Miller Act and § 637(a)(2). In support of this waiver theory, Shore cites language from *Taylor v. Administrator of the Small Business Administration*, 722 F.2d 105 (5th Cir.1983).

Shore, however, mistakenly relies on the Fifth Circuit's discussion of the breach of contract claim in *Taylor*. *Id.* at 110–12. Shore's complaint sounds in tort; it alleges breach of a statutory duty meant to protect against a particular risk, from which it suffered specific damages, and owed to a particular class of which it is a member. *See* Prosser and Keeton, The Law of Torts, § 36 at 220–27 (5th ed. 1984). In addition, no privity of contract exists between Shore and the SBA.

In *Taylor*, the Fifth Circuit held that the "sue and be sued" language of § 634(b)(1) did not expand the tort actions available against the SBA beyond those cognizable under the Federal Torts Claims Act (FTCA). *Taylor*, 722 F.2d at 109. Actions based on a violation of the Miller Act are not cognizable under the FTCA. *McMann v. Northern Pueblos Enterprises, Inc.*, 594 F.2d 784 (10th Cir.1979); *Delvin Lumber and Supply Corporation v. United States*, 488 F.2d 88 (4th Cir.1973); *United States v. Smith*, 324 F.2d 622 (5th Cir. 1963). Thus contrary to Shore's assertion, *Taylor* supports the conclusion that Shore has no cause of action against the SBA for its unpaid compensation.

In summary, the Court finds that neither the Miller Act, 40 U.S.C. § 270a, nor 15 U.S.C. § 637(a)(2) gives rise to a cause of action in favor of Shore for the SBA's alleged failure to secure a Miller Act payment bond from Transit or provide other adequate protection. Accordingly, the

SBA's motion to dismiss pursuant to F.R. Civ.P. 12(b)(6) is GRANTED and Shore's complaint is DISMISSED.

It is so ORDERED.