**ACOUSTI ENGINEERING CO. OF FLORIDA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 173–88–C.

United States Claims Court.

Nov. 1, 1988.

Frederick D. Sarkis, Melbourne, Fla., for plaintiff.

Gordon D. Kromberg, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen and Thomas W. Petersen, Washington, D.C., for defendant.

## OPINION AND ORDER

TURNER, Judge.

This opinion addresses defendant's motion to dismiss this government contracts case for lack of jurisdiction. The central issue is whether, as a subcontractor, plaintiff's contract claims are governed by the Contract Disputes Act, 41 U.S.C. §§ 601–13, and are thus barred for plaintiff's failure to meet the jurisdictional prerequisites imposed by that legislation. A secondary issue is whether the Miller Act, 40 U.S.C. §§ 270a–270d, entitles subcontractors to sue the government for damages and, if so, whether that Act's one-year statute of limitations, 40 U.S.C. § 270b(b), bars plaintiff's claim thereunder.

For reasons set forth below, it is concluded that plaintiff's claims fall within the purview of the Contract Disputes Act and that plaintiff lacks standing to sue the United States under the Miller Act, whose statute of limitations would in any event bar action on that claim. Defendant's motion to dismiss is therefore granted.

## I

Plaintiff, Acousti Engineering Company of Florida, was hired as a subcontractor by Powers Electric Company, Inc., the prime contractor on a Florida construction project for the National Aeronautics and Space Administration.[1] The subcontract called for Acousti to install acoustical ceilings, resilient flooring and access flooring at John F. Kennedy Space Center, pursuant to Powers' contract with defendant. Plaintiff asserts that $107,177 plus interest is still due for work completed on January 13, 1986, under the subcontract. Further, plaintiff alleges that Powers has failed to pay this sum and that plaintiff is unable to obtain payment from the surety Powers furnished because that surety is insolvent.

As basis for this suit against the United States, Acousti asserts that two contracts between itself and the government came into existence and were breached. The first contract, Acousti maintains, was created by virtue of the Miller Act, which requires the United States to refrain from awarding any construction contract exceeding $25,000 in amount until the prime contractor protects subcontractors by furnishing "a payment bond with a surety or sureties satisfactory to [the government's contracting] officer." 40 U.S.C. § 270a(a)(2). This requirement, according to Acousti, created a contract to which Acousti was a third-party beneficiary; further, Acousti claims that the government breached this contract by (1) "negligently" accepting a surety company which had not been approved by the Treasury Department, and (2) failing to require Powers to replace that surety company when said

1. The facts set forth here are gleaned from the complaint and are taken as true for the purpose of ruling on the motion to dismiss.

surety became insolvent prior to completion of the contract. The second contract asserted rests upon oral assurances allegedly given to Acousti by the NASA contracting officer that "NASA would guarantee payment of amounts due if [Acousti] would finish the job," and that NASA "would hold up payments due Powers" and pay Acousti instead. Acousti asserts that this second contract was breached when NASA paid Powers directly.

In its motion to dismiss, the government contends that to the extent Acousti has alleged any express or implied contract claims, its claims must be governed by the Contract Disputes Act, 41 U.S.C. §§ 601–13, and must be dismissed because Acousti has not yet complied with CDA's jurisdictional prerequisites. Acousti, in its opposition, asserts that in view of its subcontractor status, it is not subject to CDA's jurisdictional restraints, and that its contract claims are governed instead by the Tucker Act, 28 U.S.C. § 1491, under which this court has jurisdiction.

## II

■ The Contract Disputes Act applies to "any express or implied contract ... entered into by an executive agency for ... the procurement of construction." 41 U.S.C. § 602(a). The CDA would therefore appear to encompass both of Acousti's contract claims here because both involve a NASA construction project. If CDA applies, Acousti's suit must be dismissed, for Acousti has failed to fulfill CDA's jurisdictional prerequisites of (1) submitting its claim to the contracting officer in writing, *Paragon Energy Corp. v. United States*, 227 Ct.Cl. 176, 645 F.2d 966 (1981); (2) certifying its claim since it is over $50,000, *Walsky Const. Co. v. United States*, 3 Cl.Ct. 615 (1983); and (3) awaiting a final decision of the contracting officer. *Conoc Const. Corp. v. United States*, 3 Cl.Ct. 146 (1983). *See* 41 U.S.C. § 605. *See also Rider v. United States*, 7 Cl.Ct. 770, 775 (1985) and cases therein cited.

Acousti argues that it is exempt from CDA's jurisdictional restraints, and that CDA does not apply to its claims, because it is a subcontractor. For this proposition, Acousti cites the legislative history of CDA, and adds that the Federal Circuit in *United States v. Johnson Controls, Inc.*, 713 F.2d 1541 (Fed.Cir.1983) held that subcontractors are excluded from CDA's definition of "contractor."

A close reading of *Johnson* reveals, however, that the court made no such holding, though it was asked to do so. In *Johnson*, the issue before the court was whether a particular subcontractor could sue the government directly under the CDA. 713 F.2d at 1548. Instead of deciding the issue solely on the basis of appellee's subcontractor status, the *Johnson* court analyzed whether privity of contract existed between appellee subcontractor and the government. 713 F.2d at 1550–57; *see also Lasker–Goldman Corp. v. United States*, 4 Cl.Ct. 89, 90 (1983). While recognizing that, as a general matter, subcontractors lack privity with the government and are therefore not covered by CDA, *Johnson* indicated that a subcontractor in privity would be covered by CDA. *Johnson* held, further, that a finding of "privity" is "synonymous with a finding that there is [an] express or implied contract between the government and a subcontractor." 713 F.2d at 1550. *See also D & S Universal Mining Co., Inc. v. United States*, 10 Cl.Ct. 707, 711–12 (1986).

Thus, the finding sought here by Acousti (that CDA does not apply to its claims) would require more than simply asking if Acousti is a subcontractor; it would instead require an analysis of whether privity exists, followed by a finding of "no privity," which would be tantamount to finding that Acousti has "no express or implied contract" with the government. *Johnson*, 713 F.2d at 1550; *Universal Mining*, 10 Cl.Ct. at 711–12. Without an express or implied contract, Acousti could have no claim for breach of contract and its groundless "contract" suit would be dismissed on that basis. If Acousti had any contract with the government, it must be in privity and therefore within the purview of CDA, which defines "contractor" as "a party to a government contract other than the

Government." 41 U.S.C. § 601(4). Accordingly, Acousti's failure to fulfill CDA's jurisdictional prerequisites mandates dismissal of the complaint.[2]

## III

To the extent that Acousti's claims sound in express or implied contract, the above discussion is sufficient to dispose of them. However, since Acousti's Miller Act claim could be construed as an effort to rely upon a "source of substantive law [which] can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983), it warrants separate discussion.

■ The language of the Miller Act, as well as Claims Court precedent, dictate that Acousti cannot maintain a Miller Act suit for damages against the United States. This court has held that the Miller Act does not give subcontractors a substantive right to directly sue the United States for monies owed by the prime contractor. *4–Star Construction Corp. v. United States*, 6 Cl.Ct. 271 (1984). A plaintiff's sole remedy under the Miller Act is to institute suit against the prime contractor, or the surety, in the name of the United States. 40 U.S. C. § 270b; *4–Star*, 6 Cl.Ct. at 273. Subcontractors, like Acousti here, simply "lack standing to sue the United States" under the Miller Act. *4–Star*, 6 Cl.Ct. at 274.[3]

Even assuming, *arguendo*, that Acousti could maintain a Miller Act suit against defendant here, its claim would be barred by the Act's one-year statute of limitations. The Miller Act's limitation period expires "one year after the day on which the last of the labor was performed or material was supplied" by the claimant. 40 U.S.C. § 270b(b). Here, Acousti completed its work on January 13, 1986; accordingly, Acousti should have filed any Miller Act claim it had by January 13, 1987. Acousti did not file in this court until March 16, 1988, which is clearly outside the limitation prescribed by statute. Compliance with the Miller Act's limitation period is jurisdiction. *4–Star Construction Corp. v. United States*, 6 Cl.Ct. 271, 274 (1984); *United States ex rel Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.*, 573 F.2d 245, 247 (5th Cir.1978). Therefore, this court is without jurisdiction over Acousti's Miller Act claim.

## IV

For the reasons discussed herein, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED. Judgment shall be entered accordingly.

---

**2.** Acousti asserts in its Opposition that, as a subcontractor, it does not have direct access to administrative remedies. As the court observed in *United States v. Johnson Controls*, 713 F.2d 1541 (1983), this is not necessarily the case. Several agencies permit direct subcontractor appeals. 713 F.2d at 1556 n. 17. Further, administrative bodies have entertained subcontractor claims, upon finding privity of contract between the subcontractor and the government. *See Turner Construction Co.*, ASBCA No. 25171, 81–1 BCA ¶ 15,070, *recon. denied*, 81–2 BCA ¶ 15,186; *A & B Foundry, Inc.*, EBCA No. 118–4–80, 81–1 BCA ¶ 15,161. Should Acousti be denied access to administrative processes, the reason will more likely be an absence of privity than mere status as a subcontractor.

**3.** Even viewed under a third-party beneficiary theory, as Acousti suggests in its Complaint, the Miller Act claim must fail. It is well-settled in this court that,

to entitle one to sue as a third-party beneficiary of a contract to which he is not a party, the contract must reflect the intent not merely to benefit the third party but also to give him the direct right to compensation or to enforce that right against the promisor.

*Baudier Marine Electronics v. United States*, 6 Cl.Ct. 246, 249 (1984), *aff'd*, 765 F.2d 163 (Fed. Cir.1985) (citations omitted); *accord Berberich v. United States*, 5 Cl.Ct. 652, 655–56 (1984), *aff'd mem. sub nom. Gallanger v. United States*, 770 F.2d 179 (Fed.Cir.1985); *quoted in Johnson Controls, Inc. v. United States*, 8 Cl.Ct. 359, 370 (1985), *aff'd*, 795 F.2d 1011 (Fed.Cir.1986). The Miller Act simply does not provide subcontractors with a "direct right to compensation" or "enforce[ment]" against the United States. *Id.; see* 40 U.S.C. § 270b; *4–Star Construction Corp. v. United States*, 6 Cl.Ct. 271 (1984).