UNITED STATES OF AMERICA, FOR the USE AND BENEFIT OF FRED'S PLUMBING & HEATING, INC., Plaintiff,

v.

The SMALL BUSINESS ADMINISTRATION, an Agency of the United States, CP Construction, Inc., George Bass and Sam L. Bass, Defendants.

Civ. A. No. 91–K–1740.

United States District Court,
D. Colorado.

Dec. 3, 1992.

Thomas J. Mullans, Pueblo, CO, for plaintiff.

Paul J. Johns, Asst. U.S. Atty., Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This matter is before me on the Small Business Administration's ("SBA") motion to dismiss under Fed.R.Civ.P. 12(b). The SBA claims that it has not waived sovereign immunity and that Plaintiff fails to state a claim against it under the Miller Act. For the reasons set forth below, I grant the SBA's motion to dismiss.

## I. FACTS.

Plaintiff Fred's Plumbing & Heating, Inc. supplied labor and material as subcontractor on a federally-funded construction project at the Pueblo State Recreation Area ("the project"). The United States Department of the Interior, Bureau of Reclamation ("BOR") awarded the contract for the project to the SBA under section 8(a) of the Small Business Act. *See* 15 U.S.C. § 637(a). The SBA in turn awarded the project to CP Construction, Inc. ("CP") which subcontracted various work to Plaintiff. Because the contract called for construction, CP obtained a payment bond as

required by the Miller Act. *See* 40 U.S.C. §§ 270a–270d. Defendants George Bass and Sam L. Bass were named as sureties on the bond.

Upon completion of the project, CP failed to pay Plaintiff in full for its services. The SBA, however, submitted one payment to Plaintiff on behalf of CP. Plaintiff then commenced this lawsuit, naming as defendants CP, George and Sam L. Bass, and the SBA. Plaintiff's amended complaint states two claims for relief: one for breach of contract and one for payment under the Miller Act. Plaintiff asserts the SBA is a proper party to this action because 15 U.S.C. § 634(b)(1) authorizes the SBA "to sue and be sued" and the SBA acted as general contractor for the purposes of the Miller Act.

In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court presumes all factual allegations of the complaint are true and makes all reasonable inferences in favor of the non-moving party. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Housing Auth. of Kaw Tribe of Indians v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Richards v. Bellmon*, 941 F.2d 1015, 1017–18 (10th Cir.1991). Sovereign immunity of the United States is a proper grounds for granting a motion to dismiss. *See Gray v. Bell*, 712 F.2d 490, 506 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984).

■ Plaintiff first attempts to state a claim against the SBA for breach of contract,[1] relying on the "sue and be sued" language of 15 U.S.C. § 634(b)(1), the stat-ute which sets forth the general powers of the administrator of the SBA. Plaintiff correctly asserts that, where there is a legitimate contractual basis to a claim, the limited waiver of sovereign immunity in § 634(b)(1) is triggered and the SBA can be sued. *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1030 (10th Cir.1989). In the absence of allegations of a contractual agreement between the plaintiff and the government, however, there is no waiver under § 634(b)(1). *Id.*

The requirement that there be privity of contract between a plaintiff and the United States is firmly established. *See United States v. TAC Constr. Co.*, 760 F.Supp. 590, 597 (S.D.Miss.1991); *Brazier Forest Prods., Inc. v. United States*, 11 Cl.Ct. 468, 469 (1987). "The plaintiff must provide 'evidence of the existence of some type of contract between it and the United States....'" *Eubanks v. United States*, 25 Cl.Ct. 131, 137 (1992) (*citing Putnam Mills Corp. v. United States*, 479 F.2d 1334, 1337, 202 Ct.Cl. 1 (1973)).

■ Plaintiff here has made no substantive assertion in any of its pleadings that a contract exists between it and the SBA. It states only that it was a party to a contract with CP, the general contractor. Since Plaintiff has failed to assert any facts which would establish privity of contract between it and the SBA, I conclude that there is no basis to invoke the limited waiver of sovereign immunity in 15 U.S.C. § 634(b)(1).

■ Plaintiff's second claim against the SBA is for payment under the Miller Act. The Miller Act grants the subcontractor or supplier on a federal construction project the right to institute a suit in the name of the United States against the contractor or its payment bond surety. *See* 40 U.S.C. §§ 270a–270d. The purpose of the Miller Act is to ensure that subcontractors have some remedy if they are not paid, since on public projects they cannot protect

---

**1.** Although Plaintiff's first claim in the amended complaint references actions and omissions of the SBA, Plaintiff's prayer for relief requests that judgment enter only against CP on this claim. Despite this ambiguity, I construe the first claim as stated against both the SBA and CP. Plaintiff was awarded judgment against CP in this action on September 4, 1992.

themselves by filing a lien. *United States ex rel. Sunworks Div. of Sun Collector Corp. v. Insurance Co. of North Am.*, 695 F.2d 455, 457 (10th Cir.1982); *Shore Contractors, Inc. v. Heatherly*, 705 F.Supp. 293, 295 (E.D.Va.1987). The Act, however, creates no affirmative rights against the government. *Arvanis v. Noslo Eng'g Consultants, Inc.*, 739 F.2d 1287, 1290 (7th Cir.1984); *Shore Contractors*, 705 F.Supp. at 295. "The government does not recognize or deal with the sub-contractor and has no obligation to him for work performed or materials furnished." *Fett Roofing & Sheet Metal Co. v. Seaboard Sur. Co.*, 294 F.Supp. 112, 115 (E.D.Va. 1968). A plaintiff's sole remedy under the Miller Act is to institute suit against the prime contractor or the surety. *Shore Contractors*, 705 F.Supp. at 295; *Acousti Eng'g Co. v. United States*, 15 Cl.Ct. 698, 701 (1988).

■ Plaintiff attempts to expand his remedies under the Miller Act by casting the SBA in the shoes of the contractor. Under the Act, however, the "contractor" is the party required to provide performance and payment bonds. *See* 40 U.S.C. § 270a(a) (person awarded construction contract and furnishing bonds "designated as 'contractor'"); *Fett Roofing*, 294 F.Supp. at 115. Here, the SBA's role under the section 8(a) program was "to arrange for the performance of [government] procurement contracts by negotiating or otherwise letting subcontracts to socially and economically disadvantaged small business concerns." 15 U.S.C. § 637(a)(1)(C). It acted only as an intermediary between the BOR and the small businesses hired to complete the project. It did not procure bonds or perform any work on the project. Therefore, the SBA was not a "contractor" under the Miller Act, and Plaintiff's second claim for relief against it fails.

Accordingly, since Plaintiff has failed to present any claim against the SBA upon which relief can be granted,

IT IS ORDERED THAT Defendant the Small Business Administration's Motion to Dismiss is GRANTED, and

IT IS FURTHER ORDERED THAT Plaintiff shall show cause on or before December 14, 1992 why this action should not be dismissed for failure to prosecute defendants George Bass and Sam L. Bass.